Rami Baly 2016NY035345          Appellate/Defense

RECEIVED
SDNY PRO SE OFFICE

2022 JUL -7  AM 10: 14

V.

**Motion**
**Certificate of Appealability**

Certificate of Appeals
Supreme Court of New York          Respondent/plaintiff

**APPELLANTS BRIEF**

Rami Baly
765 Amsterdam Avenue Apt# 4B
New York, NY 10025
Mobile: 929-2867495

1

# APPENDIX

1.  Brief Introduction

2.  Facts

2. Precedence of Case History

3.  Precedence ending

3. Request of certificate of appealability.

4. Introduction of 14th Amendment and Fifth Amendment

4. Claim of Self-Incrimination

5. Use of Substantive Evidence

5. Claim of Damages argument

6.  The Peoples obstruction

7. Evidence Statute 60.50

8. 28 USC 2072  Citing Prosecutor's brief, NY CRIM PR 60.50

9. Explainantin of Art 78 Habeas Corpus request

10. Explain Circumstantial Evidence next to Argument

11. Arguing further negligent action

12. Rule 702 and Rule 506

12. Claim of Judges and Courts lack of duty and Standard of Care

13. Zeigarnik Effect, as malicious prosecution

14. Hearsay Rules and Conclusion

15. Explanation of Conclusion

16. Request for Relief for Certificate of Appealability for Habeas Corpus

BRIEF INTRODUCTION

I Rami Baly, I am filing ProSe, requesting a motion on an Order to Show cause for improper procedure in violating due process. Title 28(5)Sec 1654 U.S. Judiciary and Judicial Procedure, Code 1654 - Appearance Personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therin.

Title. II. Rule (3) under FRCP argues damages by the trial courts and appellates courts obstruction of procedure. Title. II. Rule (16)(1)(A) grant that I provide Discovery and inspection. Within this complaint I prove that inadmissible evidence within the prosecuting arguments use of testimonial statements misapplied "accusatory instruments", which obstructed due process. Rule(16)(1)(B) the defendant's written recorded statement of which the attorney for the government knows -- or through due diligence.

### FACTS

The police officer Gene Ruda on June 13th, 2016, about 4:45 p.m, across the street from 426 W. 27th Drive, in the County of New York arrested Baly, for P.L. 245.00(a) and 245.01; exposure of private intimate parts of his or her body in a lewd manner and committed lewd acts in a public space. Officer Ruda, claims led to an arrest of Mr. Baly. On November 1, 2016, bench trial before Honorable Flecia Mannin, convicted defendant of P.L. 245.01 on both charges of public lewdness and in a lewd manner.

On March 2, 2017, Hon. Laurie Peterson sentenced three years of probation and other added restitutions, Baly, appealed the claims of the accusatory instrument was jurisdictionally defective, and the evidence at trial was insufficient to prove public lewdness, and that the charges were against the weight of the evidence. The case 2016NY035345 which commenced Feb 14th, 2017, was docketed for an appeal, after losing trial. The Legal-Aid Society appellant/defendant counsel Ronald Zapata, submitted a preliminary statement, on November 30th, 2021, and the issue was heard as an oral argument, on the of the appeals in January 2022, at the appellate term.

The appeal case commenced on January 11th, 2022. This appeal was to be heard late January early February. The People of the State of New York, NY County Clerk's No. 570207/17 Rami Baly Def/appellant2016NY035345, decided by Felicia A. Mennin, J. at Trial; Laurie Peterson, J., at sentencing, rended March 2nd, after a non-jury trial, convicting him of P.L. 240.65, public lewdness and exposure of a person, and imposing a sentence, conviction was affirmed. The Appeals Court, Edmead,P.J, Mcshan, Silvera, J.J; upheld the conviction.

March 11th, 2022, the Legal-Aid Society, Ronald Zapata submitted the case in presentation to, the Hon. Rivera, who again upheld the ruling upon "statutory codes". A request for a rehearing of the affirmation by letter of Leave of Application was denied to be tried to analyze sufficiency of statements and facts weigned upon the evidence. The Leave of Application was filed to request examination, and denied. The Legal-Aid attorney Ronald Zapata  recommends filing for Habeas Corpus.

A request for certification of appeal is requested. The certification of appeals is requested to request habeas corpus. Here I will show cause as to why this certificate should be granted.

As a proper hearing with ethical conduct, is to follow Rules that guide the Court through trials, to prevent misapplication of the law. When the rules are obstructed, an unfair verdict can appear, where the ideas within an argument can mislead the verdict. The rules of evidence formats protects defedants from hearsay, and other forms of misapplication that can be used to maliciously prosecute a defedant, or falsely imprison them.

Hearing a case for reasonable doubt to failry weigh the evidence, using tehe rules in line with the Due Process Clause under the fifth Amendment, and the Fourteenth Amendment, is so that failry prejudice and misapplication will not obstruct the material within a case for information[s] and idea[s]. Court Rules and Uniform Constitutional Laws, based upon inadmissible evidence, in which, when broken, grants application to be heard on the bases of facts and the law. In this issue, evidence is in violation in Due Process Clause, Fifth Amendment says to the federal government, that, no one shall be "deprived of life, liberty or property without due process of the law". The Fourteenth Amendment ratified in 1868, uses the same words, Due Process Clause to describe legal obligation of the states. (Legal Information Institute, Cornell Law) Rule 501 FCR Art.(5) Privilege, def. Common law interpreted by the United States Courts in light of reason and experience - governs a claim of privilege unless any of the following provides otherwise; the United States Constitution, a Federal Statute and rule prescribed by the Supreme Court. In this case, privilege; meaning the clients procedural rights under constitutional guidelines, which protect narrowly constructed rules, when obstructed, by actions which damage the case.

When using a statutory code to base a statement to pass as ethcially reach a rational decision, is a discreationary matter of law, whereas ethcally reaching a rational decision undermines one's ethics as a practioner under the ABA standards. The standards are to guard the protection of the due process privelege as well as rights to a fair trial.

The access communication must itself, explicitly or implicitly, relate factual assertions or disclose information as only then are persons compelled to be witnesses against themselves. (Fisher v. United States 425 U.S. 391, 408, 96 S.ct. 1569, 48L. Ed. 2d 39 (1976). Under advocate witness rule, where a prosecuting attorney is to be called as a witness by defense and his testimony, will be adverse to people, he should be disqualified. (People v. Perry, 1985, 127 Misc. 2d 562, 486). This action is a form of self-incrimination, where the wordings change the idea[s] of the information[s] of the case and create prejudice over the matter. Evidence is testimonial or communicative when it reveals a person's "subjective knowledge" or thought processes. (Fisher v. united States, 425 U.S. 391, 403 (1976)

The use of subtantial evidence, exculpaltory evidence, used within cases invloving capital crimes, require that proof beyond reasobale doubt is to be met, sufficiently. Using circumstantial evidence within Civl Cases as the nature and purpose of concluding a verdict under the conditions of procedure, are subject to facts, that must meet a qualification to be reliablly sufficient.

In my argument I express to you a lack of duty of tthese actions, in the case The Peopel of New York v. Rami Baly. The langauge used to uphold an appeals conviction for the trial, appeals process was obstructed. The procedure broke the defendants Due Process, by wrongly reaching a verdict in this case. The District attorney counsel of the county of New York on "Rules Of Evidence", 60.50 statement of defendant; corroboration of a person, may not be convicted of any offense solely upon evidence of a confession or admission made by him without additional proof that the offense charged has been committed.

November 2 2021, submitted assistant District attorney's of counsel as resondent of the appellate Ramir Baly 2016NY0035345, as cross motion over Legal-Aid appellate/defense counsel Ronald Zapata presentation of Baly's November 2nd, 2016 appeal for a trial loss for the conviction of Penal Law 245.00(a) and 245.01 Public Lewdness, and exposure of a person.

The response argues that (BALY), on appeal, the defendant claims 1.) the accusatory instrument to be jurisdictionally defective because it failed to allege that he committed his conduct in a public place, and 2.) The evidence at trial sufficiently proved the public lewdness charge and the verdict on that charge as against the weight of evidence. On (RB: pg.2) of the brief explains the people involved in the trials statments and description of the locations and the descriptive incident which the statements and testimony provided. Though, clearly the identifty of the circumstantial evidence appears to meet a validity test because the type of compliant it is and the rationality of the location, still reviewing the consistency upon this matter experienced a lack of duty. A fairly held trial reviews both sides of the story, for reasonbale doubt to be met, and meet the privledges of a lawyer representing their clients and an arbitrator responsiibltiy is to be in line in serveral ways as to not misconstrurue the Fifth Amendments purpose of a fair trial.

28 USC 2072 a requirement from a local rule imposing a requirement of form, must not be enforced in a way that causes a party to lose any rights, because of a non willful failure to apply to comply. 1:1 Introduction Duties of Prosecutors, being a prosecutor is a public trust. The duty of a prosecutor is to seek justice, not merely to convict. While the prosecutor obviously should prosecute the guilty, the prosecutor should also protect the innocent from unjustified prosecutions. And, the proper role of the prosecutor requires that he or she simplify not obtain a conviction, but fairly obtain a conviction.

Ethical conduct is to represent a stand of care to uphold the right of the person by not omitting information[s] that can work in its favor rather than reach a fair conviction.

New York Criminal Procedure Law, section 60.45, in that it was obtained by a private person or public servant, by means of any promise or statement of fact, which promise or statement create[d] a substantial right that the defendant might falsely incriminate himself. The legislature is competent to declare a certain fact prima facie evidence of another fact to be established and this may be done without, in any manner impairing the right of jury trial; so long as the legislature, in prescribing rules of evidence, in either civil or criminal cases, leaves a party a fair opportunity to make his defense and to submit all the facts to the jury to be weighed by them, upon evidence legitimately bearing upon them. It is difficult to perceive how its acts can be assailed upon constitutional grounds. New York State Constitution Bill of Rights Art(1). Statute(2) Trial By Jury.

In addition to 28 USC 2072; Should findings from legal information be damaged, it would affect the obligation to diversity of procedural law. The same procedural law that protects the admissibility of evidence, applies to the Court's ability to inform and adjust issues, where misapplications affect a matter.

Within the brief the expression of these action were obtained without discretion to evidentary rules. (RB: pg.4) whereas quoting the statnements areest and trial exhibits (51-55) of the transcript, the 911 calls, at the appeal level, is not to go over the whole conviction twice but to proved how the jurisdiction meets the appeals courts nature and scope. By arguing the jurisdiction was met by answering the defednants brief for the sufficeny of the claims. The points along the argument were wordy as to be attacking the credibility of the defendant. The introduction of Point I of respondents presents that (BALY) claims that the complaint was facilly insufficent because it did not alledge sufficent facts to establish that he comitted his conduct in a public palce. (RB:p6.)

quoting the Appellants brief to claims that Legal-Aid, Zapata's argument lacked merit as supporting the

statement. The rest of the argument were a dying declration of Baly's action on; as to support that valid

jurisdiction is sufficient to meet two conditions, to allege the factos of an evidenctary nature, and establishing

reaosbable doubt case to believe that the dfednat commiittd the offense charged CPL 100.15(3) 100.4(1)(b)

People v. Kalin, 72 N.Y.3d 725, 282 (2009)


Under advocate witness rule, where a prosecuting attorney is to be called as a witness by defense and his

testimony, will be adverse to people, he should be disqualified. (People v. Perry, 1985, 127 Misc. 2d 562, 486).


The statute introduces the mind to assert that reasonable cause exists to evidence information to appear reliable

to disclose facts or circumstances collectively of such weight and persuasive new to convince a person or ordinary

intelligence, judgment and experience" that likely such offense was committed and that a person committed it.


I request Article 70 Special Proceeding, under Art.78 Habeas Corpus.


NY CPLR 506 Where special proceeding commenced (a) generally unless otherwise prescribed in subdivision

(b) or in the law authorizing the proceeding, a special proceeding may be commenced in any county within the

judicial district where the proceeding is triable.


(b) against body or officer, a proceeding against a body or officer shall be commenced in any county within the

judicial district where the respondent made the determination complained of or refused to perform the duty

specifically enjoined upon him by law, or where the proceedings were brought of taken in the course of which

the matter sought to be restricted originated, or where the material events others took place, or where the

principal officer of the response is located.


(e) Answering affidavits, the body or office shall file with the answer a certified transcript of the record of the

proceeding under consideration, unless such evidentiary facts as shall entitled him to a trial if any issue of act.

The court may order the body or officer to supply any defect or omission in the answer k transcript or an

answering affidavit. A Statements made in the answer, transcript or an answering affidavit are not conclusive

upon the pteititiooner, Should the body or officers fail either to file and serve an answer or to move to dismiss,

the court may either issue a judgment factor of the petitioner or order that an answer be submitted.


(g) Hearing and determination, transfer to appellate division. Where the substantial evidence issues specific

inquestion four of sect 7803, is not raised, the court in which the proceeding is commenced shell itself dispose of

the issues in th proceeding. Where such an issue is raised, the court shall first dispose of such other objections as

could terminate the proceeding, including but not limited to lack of jurisdiction, statute of limitations and

resducicata, without reaching the substantial evidence issue. If the determination of the other objections does

not terminate the proceeding, the court shall make an order directing that it be transferred to disposition to a

term of the appellate  division held within the judicial department embracing the current in which the

proceeding was commenced. Where the proceeding comes before it, whether by appeal or transfer, the appellate

division shall dispose of all issues in the proceeding, or, in the paper are insufficient, it may remit the

proceedings.


In this argument I present to you that, Circumstantial evidence is indirect evidence that does not, on its face,

prove a fact in issues but gives rise to a logical inference that the facts exist. Circumstantial evidence requires

drawing additional reasonable inferences in order to support the claim. Cornell Law School Circumstantial

Evidence "https://www.law.cornell.edu/wex/circumstantial_evidence, the claim is capable of ambiguous

statements, different treatment, and other evidence can allow a jury to reasonably infrer intentional

discrimination. Board of Com'rs of Exercise of the City Arburn v. Merchant, 1886, 103 N.Y. 143, 8 N.E. 484. It

was error of the Jury that liquor was seen to be drank on the premises, that is prima facie evidence that it was

sold with intent that it was to be drank on the premise, citing; (People v. Lyon, 27 Hun, 180) While the

legislature may establish the effect of certain evidence and shift the burden of proof from one party to another,

and declare what may be presumptive evidence of certain facts, it has not the power to make the lawful act of

one person presumptive evidecnce of the umplaful act of another witout any proof of his knowledge, complicity

of consent. The fact that it was a place of resort and that person went in sober and came out drunk is competent

on the question of the sale of intoxicating liquors. (Abb. Trial Ev. 774, State v. Wentworth, 65 Me. 234)


The claim that the defendant's statement as proof that there was intention is not presumptive or circumstantial

to the claim, but circumstantial in the event explaining argumentatively in comparison, by circumstance to

contrast whether the allegation would be true if those are the circumstances between a public restroom and a

plain view of the public to conisder if the prosectior meant public lewdness.


The respondent/defendants, readings expression, of the appeal Judge omttied reading the respondents appeal

clearly, and review whether the informations were sufficently applied (pg.12) the responsdent/defense claims

that the defendant contends the allegations to being in the doorway of a building in a park accross the street

form a particular address citing the defedants breif (DB:17) and makes that the contention does not support it. I

argue that resonable doubt is not met based upon providing part of a statue and the use of argument to make

involunatary-made statement to cause self-incrmination. It is a lack of duty and care that the appeal judge used

to uphold the coviction in this argument. The appellate judge reading the infomation[s] along with the conclusion upon the issue obstructed due procecss clause, by asserting inaddmissible claims. The parallel consturction of the argument supported the insuffcient claims appeals conclusion which were erroneous and does not laearly meet being reliable to the statute because it fails to prove that is was sufficient.

Point I was insuffcient. The appellate divsions instructions to why merit are legal by wording them in authroity as to how, on (RB: pg. 14, 15, 16)  does not meet the standards to claim that reasonable doubt was reliably weighed. In Point II, the respondent introduces meritless... as to be that hte defendants evidence at trial was insufficient. Appeals here issue for the first time at the Scope of review by court of appeals of matters not presented to or decided by trial court or appellate division. Subject to certain exceptions, a question that was not presented to or decided by the trial court or the appellate division cannot be raised in the court of appeals for the first time, regardless of whether the objective is to affirm or to reverse the determination below. (Sand v. Garford Motor Trucks Co. 236) Stipulation not entered about two complaints, the courts request ta spearate trial to be filed, the plaintiff's appeals was denied and based upon not entering stipulation for a second issue, because claim one was not inserted at the time of the compliant. The court of appeals has modified an appellates division by deleting a portion which purported to affirm a certain trial court order where the appellate division misstated the effects of the order it was affirming and, effectively, granted a party affirming and, effectively, granted a party affirmative relief which was not sought on appeal and was not before the appellate division.

The ration that the intenal quotation marks ommitted being that hby authority stating courts should not be a fact finder is a logical premise, but when considering evidentary inferences if the statement is not harmful, as in hearmless, then it applies as a strong argument. Harmless as meaning does not hinder the case withor without the assertion. Therefore the use of the language and ideas where an effect of praleslism, wheras Ziegarnik Effect,

the wordings hand [1] in hand. Rule 702, A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if: (c) the testimony is the product of reliable principles and methods.[2]

It is claear and preponderane evidencce that the appeals judges dmead,P.J, Mcshan, Silvera, J.J; wrongly upheld the conviction on this case. The lack of duty to identtify that the respondents information reached the conclusion and not proving still whether the appeallate did commit the act, by fitting a conversation within the jurisdiction of, question of law and discretion, as a parallel with assertions of dying declarations created an argument of bad-faith outside the statndards of its Ethcial purpose and outside the appeals purpose, therefore the intent of this appeal procedure was vindictiveness and against the Fifth-Amendment's Due Process clause and poresent proof that involuntary made statements created self-incrimnatroy assertions that are insufficeient;y weighed to make a draum inference conclusion not a, by adding the trial action of the defendant went againts what the standard o applty to , not convict the defent of the crime but to proves pg. 16 (claiming the authority of the same nature, prejudices which claims are the accusatory instruments. ... The attempts to prove the statute PL 245.00(c) Public Lewdness next to People v. Topy, 2002 N/Y. Slip Op 50106(v), 3 (App. Term 1st Dept. 2002) "....the defednats moved her hips in a sexy manner..." is parallel to making the idea[s] compaitible with eht charge and prejudices the inference, using authority. Pg. 17 As involuntary made statements, it is self-incrimination to claim that the defedant argues that ht eavidence may proved the intentionality exposed himself in public and that it failed to prove that he did so " in a lewd manner" as that he commtitted a lewd act"

---

[1]  Rule 702 Testimony by Expert Witness. Discovery is admissible if it proves to be reliable.
[2]  Rule 52 - Harmless and Obvious Error(a) Harmless Error. Any error, defect, irregularity or variance that does not affect substantial rights must be disregarded.(b) Obvious Error. An obvious error or defect that affects substantial rights may be considered even though it was not brought to the court's attention.

in public" because the supposedly " committ³ed a lwed act only when he was in a bathroom behind a metal slab and not around other people" (DB: 17-18. For on, the claimis insuffcent because its form a controlled question held in the preliminary part of the procedure. "The exclusionary rule is grounded in the Fourth Amendment in the Bill of Rights, and it is intended to protect citizens from illegal searches and seizures.[2] The exclusionary rule is also designed to provide a remedy and disincentive for criminal prosecution from prosecutors and police who illegally gather evidence in violation of the Fifth Amendment and its protection against self-incrimination. The exclusionary rule also protects against violations of the Sixth Amendment, which guarantees the right to counsel." [4]

Due process was obstructed being that; The question of whether a declaration is spontaneous is a preliminary question to be determined by the trial judge, not the jury. In the situation where the victim from the time of the injury until the time of the statement, approximately six minutes, demonstrated that there was ample opportunity to reflect and to contrive, the statement implicating a person other than the defendant was properly held inadmissible. People v. Marks, 6 N.Y.2d 67, 188 N.Y.S.2d 465, 160 N.E.2d 26 Cert. denied, 363 U.S. 912, 4 L. Ed. 2d 620, 80 S. Ct. 662 (1959)

---

[3] The Zeigarnik Effect is a psychological tendency to remember an interrupted task more than a completed task. Parallel Construction is where words show two or more word ideas as important.

[4] SUPPORT ARGUING EVIDENCE HEARSAY
RULE 801(c) 56F.R.D. 183, 293 When prosecutor,,, makes the claims with the theory argument, what occurs, are; assertion unable to be analyzed, due to an elimination of sincerity. The motivation, the nature of conduct is absence from the untested perception, memory and narration of the actor, wherein, no class of evidence is free from fabrication.

Rules of Professional Conduct Rule; 11:1 Introduction Duties of Prosecutors. Being a prosecutor is a public trust, the duty of a prosecutor is to seek justice, not merely to convict. While the prosecutor obviously should prosecute the guilty, the prosecutor should also protect the innocent from unjustified prosecutions. And, the proper role of the prosecutor requires that he or she simplify not obtain a conviction, but fairly obtain a conviction. People v. Paperno, 1981, 54 N.Y.2d 294, 455 N.Y.S.2d 119, 429

Hearsay rules. 12:13 a statement concerning"any opinion as to the guilt or innocence of a defendant or suspect" is prohibited.

Evidence is testimonial or communicative when it reveals a person's "subjective knowledge" or thought processes. (Fisher v. united States, 425 U.S. 391, 403 (1976)

CONCLUSION

The use of statutory claims from the arrangements and trial, were used to determine the decision, instead of the "nature and scope", which the Courts of Appeals and the Appellate Division based hearing upon, issue which discuss a question of law. The procedure was obstructed in both the appellate trials. The process of this precedence exhuasted all the remedies to review the case. The case requires Habeas Corpus, because it maliciously prosecutes the defedant and falsely imprisons a defendant. 7801(1) finality and exhaustion to version convert over the potentially leather prematurity to overshadow choice over the potential dismissal for prematurity to overshadow convert over the potentially lethal time-bar of the four-month statute of limitations imposed by CPPLR 217. 780-1 becomes a binding petition, those wishing to do may not do so until they have exhausted their administrative remedies, but once this point has been reached, they minus ca quickly. Watergate Apartments v. BuffaloSwer Auth. 1978, 46 N.Y.2d 52, 57

Within the letter of Leave of Application to Hon Rivera, inter alia, on summation for request appeal, argues to

clarify that the information in contrast to the conviction for a guilty verdict, the complaint testified onto the

appellant that the accusatory instrument did not hold as sufficient to weighed evidence. The

appeallate/defendant, counsel Ronald Zapata, argued to the appeallate division, that, parts of the assertions were

obstructed, being that, the "prosecutions were not required to prove that he 'intentionally' committed the act,

but that, the appellate term required that the prosecution was only required to prove the appellant committed

an act." The appeals upon addressing this issue, were compelled to judge the case based on the Statutory Claims

matching its reliability to the statements.


The lack of duty on this case were present through the entire precedence. This prescedence damaged the other...

Courts of Appeals--Criminal Law "Appeal" 3:31 Weight and sufficiency of evidencce in general. An

intermediate appellate copurt, with both fact and law jurisdiction, may review both the weight and siuufficeincy

of the evidence. In a non-capitqal case, the Court of Appeals, with only law jurisdiction, wil not assess the

credibility of witnesses or disturb findins of fact which are based on conflicting testimony unless those findings

are unsupported as a matter of law. Thus, in a non-capital case, the Court of Appeals may not review the weight

of the evidence; the court may only review sufficiency of the evidence. In a capital case, the Court of Appeal has

to be fact and law jurisdication. People v. Cuerullo, 18, N.Y.2d 839, 275 N.Y.S.2d 845, 222 N.E.2d 605. The

standard of care on this matter is discretionary and needs to be reviewed.


The county in People v. Mackell 40 N.y.2d 59, held that, under N.Y. Crim. Proc. Law 450.90(2), in reviewing

decisions of intermediate appellate courts, the court was not entitled to review the underlying merits to

determine whether the evidence was legally insufficient to support respondents' conviction. They were entered

to review only the legality of intermediate appellate courts corrective action. Since mandated by N.Y. Crim. Proc. Law 470.20(2), that when evidence failed to establish prima facie case the accusatory instrument must be dismissed, the order so[5] discretion was legal and must be affirmed. All together this case held not weighed to be tried. Statements which are fruits of a illegal arrest must be supressed. People v. Rodriguez, 11 N.Y.2d 279, 229 N.Y.S.2d 353, 183 N.E.2d 892, 581 N.Y.S.2d 649, 590 N.E.2d 234 (1992)

Admissions which were the product of the defendants's having ben confronted with illegally seized evidence must be suppressed. People v Hendricks, 25 N.Y.2d 129, 303 N.Y.S.2d 33, 250 N.E.2d 323 (1969) ( pg. 21 proves that there is clear and convincing that the procedudre was obstucted, by not holding to the standards of the purpose of Ethcial conduct, the hearsay and the use of paralell le stateue to mett the jurisdcition of natute and scorp to prejuduce being a dying decelearion of bad-faith to the defendant making.

7803(1) the body officers failed to to perform a duty enjoined by law--corresponds with mandamus to compel. (2) whether a body officer has proceeded, is proceeding or is about to proceed without or in excess of jurisdiction-- is a restatement of prohibition. (3) actually contain multiple grounds that certiorari or mandamus to review, or both, depending on the circumstances, whether a determination was made in violation of lawful procedure,was affected by an error or law or was arbitrary and capricious or an abuse of discretion.

---

[5] Rule 901 Authenticating or Identifying Evidence (1) Testimony that an item is what to be claimed. (2) non expert options, based on familiarity with it that was not acquired for the current litigation. An original is not required if all the originals are lost or destroyed, and not by the proponent acting in bad faith. Each statement made for the purpose of diagnosis or treatment, and hence each link in the change falls under sufficient assurances, or further illustrate, a dying declaration may incorporate declaration against interest by another declarant. Rule 805 Hearsay within Hearsay.

The certificate of appealability should grant the case Habeas Corpus to be reviewed for proper appeal, and for such other, further, or different relief as this court may deem just and proper.

CERTIFICATE OF COMPLIANCE

This document complies with 22 NYCRR 130-1.1a under sec. 500.10 and 50011.of this part. Motions papers, records and appendices.

(J) Papers filed prepared by word-processing systems. Papers prepared by a word-processing systems shall be printed in either a serifed proportionally spaced typeface, such as Times New Roman, or a serifed monospaced typeface, such as Courier. Narrow or condensed typefaces and condensed font space shall not be used. Except in heading, words shall not be bold type or type consisting of all capital letters.

(1) Papers filed using a proportionally spaced typeface. The body of any papers filed using a proportionally spaced typeface shal be printed in 14-point type Foots nots shall be printed of no less than 12 points.

(2) Papers filed using monospaced typeface. The body of any papers filed using a monospaced typeface shall be printed in 12-point type containing no mre than 10.5 character per inch. Footnotes shall be printed in type of no less than 10.

Type-Volume

19-Pages
4777-words
28,900-Character

Type-Style

Font- EB Garamond
Size-11

Pro Se
Rami Baly

July 5th, 20022

**Annotated**

Primary Sources

28 USC 2072

New York State Constitution Bill of Rights Art(1). Statute(2) Trial By Jury.

Title 28(5)Sec 1654  U.S. Judiciary and Judicial Procedure, Code 1654

Title. II. Rule (3) under FRCP

Title. II. Rule (16)(1)(A)

Rule(16)(1)(B)

Article 70 Special Proceeding

Art.78 Habeas Corpus

7801(1)

CPPLR 217. 780-1

7803(1

NY CPLR 506

N.Y. Crim. Proc. Law 450.90(2)

Secondary Sources

P.L. 245.00(a)  and 245.01;

Rule 501 FCR Art.(5)

"Rules Of Evidence", 60.50

CPL 100.15(3) 100.4(1)(b)

Rule 702 Testimony by Expert Witness

Rule 52 - Harmless and Obvious Error(a) Harmless Error

Rules of Professional Conduct Rule; 11:1  Introduction  Duties of Prosecutor

3:31 Weight and sufficiency of evidencce

Hearsay rules. 12:13

Citations

Fisher v. United States 425 U.S. 391, 408, 96 S.ct. 1569, 48L. Ed. 2d 39 (1976)

People v. Perry, 1985, 127 Misc. 2d 562, 486)

People v. Kalin, 72 N.Y.3d 725, 282 (2009)

Board of Com'rs of Exercise of the City Arburn v. Merchant, 1886, 103 N.Y. 143, 8 N.E. 484

People v. Lyon, 27 Hun, 180

Abb. Trial Ev. 774, State v. Wentworth, 65 Me. 234

Sand v. Garford Motor Trucks Co. 236

People v. Topy, 2002 N/Y. Slip Op 50106(v), 3 (App. Term 1st Dept. 2002

People v. Marks, 6 N.Y.2d 67, 188 N.Y.S.2d 465, 160 N.E.2d 26 Cert. denied, 363 U.S. 912, 4 L. Ed. 2d 620, 80 S. Ct. 662 (1959)

 People v. Paperno, 1981, 54 N.Y.2d 294, 455 N.Y.S.2d 119, 429

Watergate Apartments v. BuffaloSwer Auth. 1978, 46 N.Y.2d 52, 57

People v. Cuerullo, 18, N.Y.2d 839, 275 N.Y.S.2d 845, 222 N.E.2d 605

People v. Mackell 40 N.y.2d 59

People v. Rodriguez, 11 N.Y.2d 279, 229 N.Y.S.2d 353, 183 N.E.2d 892, 581 N.Y.S.2d 649, 590 N.E.2d 234

(1992)

People v Hendricks, 25 N.Y.2d 129, 303 N.Y.S.2d 33, 250 N.E.2d 323 (1969)

Rami Boly
765 Amsterdam Avenue Apt#4B
New York, NY 10025





PRO SE INTAKE UNIT
500 Pearl Street
New York, NY 10007



RECEIVED
JUL - 7 2022
PRO SE OFFICE