UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RAMI BALY,

                              Petitioner,

              -against-

CERTIFICATE OF APPEALS SUPREME
COURT OF NEW YORK,

                              Respondent.

22-CV-5812 (LTS)

ORDER TO AMEND

LAURA TAYLOR SWAIN, Chief United States District Judge:

Petitioner, who is not currently incarcerated, proceeds *pro se*. He brings this application, which is styled as a "motion for a certificate of appealability," to challenge his 2017 conviction in the New York Supreme Court, New York County.

The Court directs Petitioner, within 30 days, to file an amended petition if he intends to pursue a petition for a writ of *habeas corpus* under 28 U.S.C. § 2254.[1] As explained below, if Petitioner files an amended petition, he must include facts showing that he is in custody (physical or constructive) on the challenged conviction, and clarify the constitutional grounds on which he seeks relief and whether these grounds have been exhausted in the state courts.

**STANDARD OF REVIEW**

The Court may entertain a petition for a writ of *habeas corpus* on "behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Under Rule 4 of the Rules Governing § 2254 Cases, the Court has the authority to review and dismiss a § 2254 petition without ordering a responsive pleading from the state, "[i]f it plainly appears

---

[1] On July 21, 2022, the Court received Petitioner's $5.00 filing fee for this matter.

from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rules Governing § 2254 Cases, Rule 4; *see Acosta v. Artuz*, 221 F.3d 117, 123 (2d Cir. 2000). The Court is obliged, however, to construe *pro se* pleadings liberally and interpret them "to raise the strongest arguments they *suggest*." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original); *see Green v. United States*, 260 F.3d 78, 83 (2d Cir. 2001). Nevertheless, a *pro se* litigant is not exempt "from compliance with relevant rules of procedural and substantive law." *Triestman*, 470 F.3d at 477 (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).

## BACKGROUND

Petitioner Rami Baly was arrested on June 13, 2016, in the Chelsea neighborhood of Manhattan. (ECF 1 at 3.) He was convicted, after a nonjury trial, of public lewdness and exposure of a person. Petitioner indicates that the New York Supreme Court, New York County, entered judgment on March 2, 2017, sentencing him to "three years of probation and other added restitution." (*Id.* at 4.)

The conviction was affirmed on appeal. *See People v. Baly*, 157 N.Y.S.3d 662 (1st Dep't Jan. 10, 2022)*.* The Appellate Division, First Department, rejected Petitioner's arguments that the accusatory instrument was jurisdictionally defective, that the evidence was insufficient to support the verdict, and that the witness testimony was insufficient to establish Petitioner's intent to commit the crime. *Id.* The New York Court of Appeals denied leave to appeal. *People v. Baly*, 38 N.Y.3d 948 (Mar. 31, 2022).

Petitioner now indicates that "certification of appeals is requested to request *habeas corpus*." (ECF 1 at 4.) The grounds on which he seeks relief are unclear. Petitioner asserts the following:

> The procedure broke the defendants Due Process, by wrongly reaching a verdict in this case. The District Attorney counsel of the county of New York on 'Rules of Evidence,' 60.50 statement of defendant; corroboration of a person, may not be convicted of any offense solely upon evidence of a confession or admission made by him without additional proof that the offense charged has been committed.

(*Id.* at 6.) [2]

He also argues, for example, the following:

> Under advocate witness rule, where a prosecuting attorney is to be called as a witness by defense and his testimony will be adverse to people, he should be disqualified. (*People v. Perry*, 1985, 127 Misc. 2d 562, 486). The statute introduces the mind to assert that reasonable cause exists to evidence information to appear reliable to disclose facts or circumstances collectively of such weight and persuasive new to convince a person or ordinary intelligence, judgment and experience" that likely such offense was committed and that a person committed it.

(*Id.* at 9.)

In terms of the relief requested, Petitioner refers to a certificate of appealability and also states that he "request[s] Article 70 Special Proceeding, under Art. 78 Habeas Corpus." [3] (*Id.*)

## DISCUSSION

### I.  Characterization of application as a Section 2254 petition

Petitioner challenges his 2017 judgment of conviction in state court. He invokes New York State's *habeas corpus* statute, N.Y. Crim. Proc. Law § 7200, but relief under that statute is not available in federal court. If Petitioner intends to proceed in federal court, his application must be construed as a petition for a writ of *habeas corpus* under 28 U.S.C. § 2254. Section 2254 applies when a petitioner challenges "the judgment of a State court only on the ground that he is

---

[2] The spelling, grammar, and punctuation in all quoted material are from the original.

[3] The petition is not captioned for this Court or the state court. (ECF 1 at 1.) Petitioner also submitted an order to show cause, which is captioned for the state court (ECF 6 at 1), which suggests that he may have intended to file this action in state court rather than federal court.

in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C.
§ 2254.

A *habeas* petitioner generally has only one opportunity within the limitations period for
an adjudication of the merits of his challenge to a judgment of conviction. *See Cook v. New York
State Div. of Parole*, 321 F.3d 274, 281 (2d Cir. 2003) ("Under 28 U.S.C. § 2244(b), a prisoner
cannot bring a 'second or successive' section 2254 petition except under narrow
circumstances."). District courts therefore must notify a petitioner before recharacterizing an
application, brought under some other provision, as a Section 2254 petition. *Id.* at 282
(converting a mislabeled petition to one brought under Section 2254 could cause the petitioner to
forfeit claims "due to the severe 'second or successive' restrictions of section 2244 (for state
prisoners)").

If Petitioner intends to proceed with this action in federal court, the application must be
recharacterized as a Section 2254 petition. The Court therefore directs Petitioner, within 30 days,
to file an amended Section 2254 petition, as described below. If Petitioner does not file an
amended Section 2254 petition within 30 days, or seek an extension of time to do so, the Court
will dismiss this application without prejudice.

## II.    Custody

The United States district courts have jurisdiction to entertain petitions for *habeas corpus*
relief only from persons who are "in custody in violation of the Constitution or laws or treaties of
the United States." 28 U.S.C. § 2241(c)(3); 28 U.S.C. § 2254(a). The United States Supreme
Court has interpreted these provisions as "requiring that the *habeas* petitioner be 'in custody'
under the conviction or sentence under attack at the time his petition is filed." *Maleng v. Cook*,
490 U.S. 488, 490-91 (1989); *Lackawanna Cnty. Dist. Attorney v. Coss*, 532 U.S. 394, 401
(2001).

Custody, for purposes of a petition for a writ of *habeas corpus* in federal court, is not limited to actual, physical confinement. Rather, a *habeas* petitioner is deemed in custody where there are sufficient restraints on his liberty because of his conviction and sentence, J*ones v. Cunningham*, 371 U.S. 236 (1963), such as where a petitioner is released on his own recognizance pending trial, *Hensley v. Municipal Court*, 411 U.S. 345 (1973), or is on supervised release, *Earley v. Murray*, 451 F.3d 71, 75 (2d Cir. 2006), or probation, *United States v. Shelly*, 430 F.2d 215, 217 n. 3 (2d Cir. 1970). *Cf. Scanio v. United States*, 37 F.3d 858, 860 (2d Cir. 1994) (holding that upon expiration of period of supervised release, a *habeas* petitioner was no longer "in custody").

Here, Petitioner alleges that in 2017, he was sentenced to three years' probation; his sentence thus may have fully expired before he filed this action in July 2022, five years after judgment was entered. It therefore appears that Petitioner may not be in custody for purposes of a Section 2254 petition. If Petitioner wishes to proceed with a Section 2254 petition and chooses to file an amended petition, the Court directs him to include any facts showing that he remains in custody on the challenged conviction.

## III.    Grounds for relief

A state prisoner must submit a petition that conforms to the federal Rules Governing Section 2254 Cases. Rule 2(c) of the Rules Governing Section 2254 Cases requires a petition to specify all of a petitioner's available grounds for relief, setting forth the facts supporting each of the specified grounds and stating the relief requested. A petition must permit the Court and the respondent to comprehend both the petitioner's grounds for relief and the underlying facts and legal theory supporting each ground so that the issues presented in the petition may be adjudicated.

This petition does not conform to the requirements of Rule 2(c). Petitioner fails to specify his grounds for relief and the supporting facts. Mindful of the Court's duty to construe *pro se* actions liberally, *see Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), the Court has analyzed Petitioner's submission and finds that neither the Court nor a respondent could discern the constitutional basis for the petition.

If Petitioner files an amended petition, the Court directs him to include a short, plain statement identifying each ground for relief, and the constitutional basis for each ground. The Court suggests that Petitioner use the Court's form, which is attached to this order.

## IV.   Exhaustion of State Court Remedies

A state prisoner must exhaust all available state remedies before filing a petition for a writ of *habeas corpus* under Section 2254. 28 U.S.C. § 2254(b); *see Rose v. Lundy*, 455 U.S. 509, 510 (1982). This exhaustion doctrine means that the state courts must be given the first opportunity to review constitutional errors associated with Petitioner's confinement. *O'Sullivan v. Boerckel*, 526 U.S. 838, 844-45 (1999).

A petitioner may satisfy the exhaustion requirement by fairly presenting his claims through a state's established appellate review process. *Id.* "A petitioner has 'fairly presented' his claim only if he has 'informed the state court of both the factual and legal premises of the claim he asserts in federal court.'" *Dorsey v. Kelly*, 112 F.3d 50, 52 (2d Cir. 1997) (quoting *Daye v. Attorney General*, 696 F.2d 186, 191 (2d Cir. 1982)).

Petitioner filed a direct appeal from his conviction and sought leave to appeal to the New York Court of Appeals, which was denied. Because the constitutional grounds on which Petitioner seeks relief are unclear, the Court cannot determine whether the grounds for relief

6

were raised on direct appeal or were exhausted in post-conviction motions.[4] If Petitioner chooses to file an amended petition, he must show, for each ground for relief that he raises, that he has presented it to the state court for a complete round of review.

## V.    Leave to Amend Petition

The Court grants Petitioner leave to submit an amended petition within 30 days of the date of this order. Should Petitioner decide to file an amended petition, he must state his grounds for relief and detail the steps he has taken to exhaust them fully in the New York courts. Petitioner must exhaust all available state court remedies in order to proceed with this petition. He must also include facts showing that he is in custody on the challenged conviction. Petitioner is advised that an amended petition completely replaces, rather than supplements, the original petition.

## CONCLUSION

Petitioner is directed to file an amended petition for a writ of *habeas corpus* under 28 U.S.C. § 2254 containing the information specified above. The amended petition must be submitted to the Clerk's Office within 30 days of the date of this order, be captioned as an "Amended Petition" and bear the same docket number as this order. An Amended Petition Under 28 U.S.C. § 2254 form is attached to this order.

If Petitioner does not wish to have this action recharacterized as a Section 2254 petition, and fails to either file an amended Section 2254 petition within 30 days, or request an extension of time to do so, this action will not be recharacterized and will be dismissed without prejudice.

---

[4] If Petitioner raises for *habeas corpus* relief any grounds raised in motions under N.Y. Crim. Proc. L. § 440.10, or other collateral motions, he must show that those grounds have been completely exhausted by seeking leave to appeal to the New York State Supreme Court, Appellate Division. *See Ramos v. Walker*, 88 F. Supp. 2d 233 (S.D.N.Y. 2000).

Because Petitioner has not at this time made a substantial showing of a denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:    August 9, 2022
          New York, New York

                                          /s/ Laura Taylor Swain
                                          LAURA TAYLOR SWAIN
                                          Chief United States District Judge

AO 241
(Rev. 06/13)

## Petition for Relief From a Conviction or Sentence
## By a Person in State Custody

### (Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus)

### Instructions

1.  To use this form, you must be a person who is currently serving a sentence under a judgment against you in a state court. You are asking for relief from the conviction or the sentence. This form is your petition for relief.

2.  You may also use this form to challenge a state judgment that imposed a sentence to be served in the future, but you must fill in the name of the state where the judgment was entered. If you want to challenge a federal judgment that imposed a sentence to be served in the future, you should file a motion under 28 U.S.C. § 2255 in the federal court that entered the judgment.

3.  Make sure the form is typed or neatly written.

4.  You must tell the truth and sign the form. If you make a false statement of a material fact, you may be prosecuted for perjury.

5.  Answer all the questions. You do not need to cite law. You may submit additional pages if necessary. If you do not fill out the form properly, you will be asked to submit additional or correct information. If you want to submit a brief or arguments, you must submit them in a separate memorandum.

6.  You must pay a fee of $5. If the fee is paid, your petition will be filed. If you cannot pay the fee, you may ask to proceed in forma pauperis (as a poor person). To do that, you must fill out the last page of this form. Also, you must submit a certificate signed by an officer at the institution where you are confined showing the amount of money that the institution is holding for you. If your account exceeds $ _____ , you must pay the filing fee.

7.  In this petition, you may challenge the judgment entered by only one court. If you want to challenge a judgment entered by a different court (either in the same state or in different states), you must file a separate petition.

8.  When you have completed the form, send the original and _____ copies to the Clerk of the United States District Court at this address:

**Clerk, United States District Court for**
**Address**
**City, State  Zip Code**

9.  <u>**CAUTION:**</u> **You must include in this petition all the grounds for relief from the conviction or sentence that you challenge. And you must state the facts that support each ground. If you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date**.

10. <u>**CAPITAL CASES:**</u> **If you are under a sentence of death, you are entitled to the assistance of counsel and should request the appointment of counsel**.

AO 241                                                                                                                    Page 2
(Rev. 06/13)                              **AMENDED**

**PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF**
**HABEAS CORPUS BY A PERSON IN STATE CUSTODY**

| **United States District Court** | District: |
|---|---|

| Name (under which you were convicted): | Docket or Case No.: |
|---|---|

| Place of Confinement : | Prisoner No.: |
|---|---|

Petitioner (include the name under which you were convicted)     Respondent (authorized person having custody of petitioner)

v.

The Attorney General of the State of

**AMENDED**
**PETITION**

1.      (a) Name and location of court that entered the judgment of conviction you are challenging:



        (b) Criminal docket or case number (if you know):

2.      (a) Date of the judgment of conviction (if you know):

        (b) Date of sentencing:

3.      Length of sentence:

4.      In this case, were you convicted on more than one count or of more than one crime?     ❏   Yes         ❏   No

5.      Identify all crimes of which you were convicted and sentenced in this case:







6.      (a) What was your plea? (Check one)

                    ❏   (1)      Not guilty          ❏   (3)      Nolo contendere (no contest)

                    ❏   (2)      Guilty              ❏   (4)      Insanity plea

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did you plead guilty to and what did you plead not guilty to?

(c) If you went to trial, what kind of trial did you have? (Check one)

❒  Jury        ❒  Judge only

7.      Did you testify at a pretrial hearing, trial, or a post-trial hearing?

❒  Yes        ❒  No

8.      Did you appeal from the judgment of conviction?

❒  Yes        ❒  No

9.      If you did appeal, answer the following:

(a) Name of court:

(b) Docket or case number (if you know):

(c) Result:

(d) Date of result (if you know):

(e) Citation to the case (if you know):

(f) Grounds raised:

(g) Did you seek further review by a higher state court?        ❒  Yes        ❒  No

If yes, answer the following:

(1) Name of court:

(2) Docket or case number (if you know):

(3) Result:

(4) Date of result (if you know):

AO 241
(Rev. 06/13)

(5) Citation to the case (if you know):

(6) Grounds raised:

(h) Did you file a petition for certiorari in the United States Supreme Court?     ❏  Yes     ❏  No

If yes, answer the following:

(1) Docket or case number (if you know):

(2) Result:

(3) Date of result (if you know):

(4) Citation to the case (if you know):

10.     Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions

concerning this judgment of conviction in any state court?     ❏  Yes     ❏  No

11.     If your answer to Question 10 was "Yes," give the following information:

(a)     (1) Name of court:

(2) Docket or case number (if you know):

(3) Date of filing (if you know):

(4) Nature of the proceeding:

(5) Grounds raised:

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

❏  Yes     ❏  No

(7) Result:

(8) Date of result (if you know):

(b) If you filed any second petition, application, or motion, give the same information:

    (1) Name of court:

    (2) Docket or case number (if you know):

    (3) Date of filing (if you know):

    (4) Nature of the proceeding:

    (5) Grounds raised:

    (6) Did you receive a hearing where evidence was given on your petition, application, or motion?

    ❑ Yes    ❑ No

    (7) Result:

    (8) Date of result (if you know):

(c) If you filed any third petition, application, or motion, give the same information:

    (1) Name of court:

    (2) Docket or case number (if you know):

    (3) Date of filing (if you know):

    (4) Nature of the proceeding:

    (5) Grounds raised:

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

❑ Yes      ❑ No

(7) Result:

(8) Date of result (if you know):

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application,

or motion?

(1) First petition:        ❑ Yes        ❑ No

(2) Second petition:      ❑ Yes        ❑ No

(3) Third petition:        ❑ Yes        ❑ No

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

12.      For this petition, state every ground on which you claim that you are being held in violation of the Constitution,
laws, or treaties of the United States.  Attach additional pages if you have more than four grounds.  State the facts
supporting each ground.

**CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available
state-court remedies on each ground on which you request action by the federal court.  Also, if you fail to set
forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.**

**GROUND ONE:**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(b) If you did not exhaust your state remedies on Ground One, explain why:

(c)     **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?      ❒   Yes      ❒   No

(2) If you did not raise this issue in your direct appeal, explain why:

(d) **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

❒   Yes      ❒   No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition?      ❒   Yes      ❒   No

(4) Did you appeal from the denial of your motion or petition?      ❒   Yes      ❒   No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ❒   Yes      ❒   No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One:

**GROUND TWO:**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(b) If you did not exhaust your state remedies on Ground Two, explain why:

(c)      **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?          ❏  Yes        ❏  No

(2) If you did <u>not</u> raise this issue in your direct appeal, explain why:

(d)      **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

          ❏  Yes      ❏  No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition?          ❑  Yes          ❑  No

(4) Did you appeal from the denial of your motion or petition?          ❑  Yes          ❑  No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?  ❑  Yes          ❑  No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)     **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you :

have used to exhaust your state remedies on Ground Two

**GROUND THREE:**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(b) If you did not exhaust your state remedies on Ground Three, explain why:

(c)     **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?     ❏ Yes     ❏ No

(2) If you did not raise this issue in your direct appeal, explain why:

(d)     **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

        ❏ Yes     ❏ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion or petition?     ❏ Yes     ❏ No

(4) Did you appeal from the denial of your motion or petition?     ❏ Yes     ❏ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?     ❏ Yes     ❏ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

(e)    **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Three:

**GROUND FOUR:**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(b) If you did not exhaust your state remedies on Ground Four, explain why:

(c)    **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?    ❐ Yes    ❐ No

(2) If you did not raise this issue in your direct appeal, explain why:

(d)    **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

    ❐ Yes    ❐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:


Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):



(3) Did you receive a hearing on your motion or petition?     ❑ Yes     ❑ No

(4) Did you appeal from the denial of your motion or petition?     ❑ Yes     ❑ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?     ❑ Yes     ❑ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:


Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):




(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:






(e)     **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you

have used to exhaust your state remedies on Ground Four:

13.   Please answer these additional questions about the petition you are filing:

    (a)   Have all grounds for relief that you have raised in this petition been presented to the highest state court

        having jurisdiction?   ❏ Yes   ❏ No

        If your answer is "No," state which grounds have not been so presented and give your reason(s) for not

        presenting them:

    (b)   Is there any ground in this petition that has not been presented in some state or federal court?  If so, which

        ground or grounds have not been presented, and state your reasons for not presenting them:

14.   Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction

      that you challenge in this petition?   ❏ Yes   ❏ No

      If "Yes," state the name and  location of the court, the docket or case number, the type of proceeding, the issues

      raised, the date of the court's decision, and the result for each petition, application, or motion filed.  Attach a copy

      of any court opinion or order, if available.

15.   Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for

      the judgment you are challenging?   ❏ Yes   ❏ No

      If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues

      raised.

AO 241
(Rev. 06/13)

16.      Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing:


(b) At arraignment and plea:


(c) At trial:


(d) At sentencing:


(e) On appeal:


(f) In any post-conviction proceeding:


(g) On appeal from any ruling against you in a post-conviction proceeding:



17.      Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?      ❏ Yes      ❏ No

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:



(b) Give the date the other sentence was imposed:

(c) Give the length of the other sentence:

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future?      ❏ Yes      ❏ No

18.      TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

Tab to continue "TIMELINESS OF PETITION" on next page.

---

\* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in

part that:

(1)    A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody  pursuant to the judgment of a State court.  The limitation period shall run from the latest of -

    (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

    (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)    The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief:

or any other relief to which petitioner may be entitled.

_____

Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on _____ (month, date, year).

Executed (signed) on _____ (date).

_____

Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.

Print    Save As...    Reset