UNITED STATES DISTRICT COURT
SOUTHER DISTRICT OF NEW YORK

RECEIVED
SDNY PRO SE OFFICE

2022 NOV 16 PM 3: 48

RAMI BALY, petitioner

-against-

AFFIDAVIT IN SUPPORT
OF MOTION FOR LEAVE TO REARGUE
22-CV-5812

CHIEF JUSTICE
LUARA TAYLOR SWAINE/respondent

I, RAMI BALY, file Prose (U.S.C. 28 Title 1654)) being duly sworn declear under pentaly of perjury

that the following facts are true and correct: make this affidavit in support of the motion to reargue a decision

and order in a dismissal of Order to Amend.

In response to a dismissal in request of certificate of appealabililty, of an 'Order to Amend', to

recharacterize, habeas corpus under 28 U.S.C. 2254, petitioner RAMI BALY, claims the submission of his case

was damaged which administration failed to serve papers timely to the order, injuring the conclusion of the 2254

petition as a dismissal.

Introduction

This motion is a Notice if Appeal of the dismissal, in releif of a reconsideration to hear BALY'S,

recharacterization for 'certification of appealability' to be granted being requisite to file, habeas to contest a

2017 conviction, 22-CV-5812, which BALY'S remedies are exhausted at the state level. The appeal shows cause

to how the damages of serving papers, damaged the District Chief Judge, LUARA TAYLOR SWAINE request

of BALY's, recharacterize injuring the ability to be granted certificate of appealability under 2254 habeas corpus

under the jurisdiction of Federal Courts, which; the District Courts have jurisdiction to request a Supreme

Court justice to peittion a lower court under a habeas statute.

The motion should be rewarded to BALY, because, it is held in good faith being that, in order to appeal

to the United States Court of Appeals, for the Second Circuit, that, the party must show excusable neglect or

good cause, for ability to file the notices of appeal by the deadline.

1.

BALY did submit the motion for 2254(a) Habeas during the 30 day, statute of limitations period.

Therefore, that the papers were incorrectly served or possibly tampered on behalf of the courts administration,

this is a neglect of services. The 30 day periiod ended on Aug 9th, 2022, which BALY dropped the Amended

order for recharacterization at the Supreme Court of New York, Prose intake unit, in person in an envelop along

with a filled out 2254 form, which stated the reason for the request, with legal theory supporting the allegations,

and the relief sought. The District Judge SWAINE dismissed the case on Sept 12th, and sent the letter to BALY

on Sept 14th, 2022, in statement that, one, BALY never submitted the 2254 order which, grants that the

dismissal was based upon... further adding that forma pauperis under 28 U.C.S. 1915(a)(3) was not granted.

2.

The actions taken against BALY was out of neglect based on the sufficient clear and convincing

evidence that, the inability to file the notice was on behalf of the Court adminstrations misappiction of duty, to

locate the file.

3.

In BALY's, 28 U.S.C. 2254 habeas, BALY, shows cause along with the requested ration which supported by legal theoryn sufficent to the orders request. BALY'S Certificate of Appealability, to grant Habeas review, meets the requirements, being that the case contest a malicious prosecution which led to an unlawful convicion, and false arrest, which are both discretionary questions within the jurisdiction, being that they touch of questoins of constitutional law.

Under the 14th Amendment, all Citizens are to receive equal treatment to the law, due process clause. BALY'S argument is valid and meets ther requirements to be heard. The requested recharacterization to BALY, shows clear and convincing evidence, to how habeas applies to his case, along with supporting legal theory.

The request of reconsideration is held in good faith, being that the information of provides, under Rule 56, motion for summary judgment, that neglect was to the cause which, negligence of papers not being properly to be reviewed, damaged the case by neglecting the argument be be the conclusion instead of the dismissal. The injury in turn, damages BALY'S statute of limitations, to respond to the requested order of LAURA TAYLOR SWAINE'S Order to Amend, as recharacterization under 2254, within 30 Days.

On Sept 14th, Chief Judge SWAINE, submitted papers by the mail, to serve BALY the notice of dismissal which BALY never received. After arriving to the courts to search for the case, on Nov 3rd, 2022, BALY dismissal notice was located in the Clerks, file and catalogs. As a result of the actions, it is clear and convincing evidence that BALY'S dismissal was based upon neglect of insufficient court services to receive served

papers and to serve papers. This is what led SWAINE to dismiss BALY'S case, claiming that BALY will not be granted Forma Pauperis 28 U.S.C. 1915(a)(3) for the Certificate of appeal.

Conclusion

As a relief, BALY request to appeal and vacate the dismissal, and enter a reconsideration of the 2254 habeas argument, and further correction to appeal perfect over the issue. The motion to reconsider should be granted. The argument is held in good faith, it shows that Rule 56 is met by presenting clear and convicing evidence that, both; neglect of court services, and good cause, is met. Being that the jurisdiction of the matter, this case is held in good faith, in request of appeal. 409 who may appeal judgment in Art 78 proceedings Under the Civil Practice Law and Rules, an aggrieved party or a person substituted for him or her may appeal form any appealable judgment or order except one entered upon the default of the aggrieved party. An intervenor may appeal form a juidgment in an Art. 78 Proceeding.

The failure of a petitioner to appeal to the appellate division from an order dismissing his or her peitioin on th merits constitutes a forfeiture of the right to litigate the dismissal on the merit, notwithstanding that the respondent appealed from that part of the order which granted the petitioner leave to apply anew.

Determining a motion to dismiss the courts must satisfty that, There is no trial uses of fact, for if there is, it should not summarily dispose of the proceeding on motion. For example, if the question of the application is the statute of limitations, raises an issue of fact, the issue should be determined on a formal hearing rather than on motion papers.

Nonetheless, when the dispositive fact s and position of the parties are fully set forth in the record,

thereby making it clear that no dispute as to the facts exist and that no prejudice will result for the filer to require

an answer, the court may rehear the merits of the petition in an art 78 proceedings and grant the petitioner

judgment thereon notwithstanding the lack of any answer and without giving the respondent a further

opportunity to answer the petition.

WHEREFORE, I request that the court grant reargument.
Dated: , 14th November, 2022

The County of New York _____

(SIGNATURE OF PERSON MAKING
APPLICATION - BEFORE A NOTARY PUBLIC)
Sworn to before me this
day of Noyemeber 14th, 2022

_____
NOTARY PUBLIC: STATE OF NEW YORK

## REQUEST FOR JUDICIAL INTERVENTION

UCS-840
(rev. 02/01/2022)

**SUPREME** _____ COURT, COUNTY OF _____

Index No: _____     Date Index Issued: _____

| **For Court Use Only:** |
|---|
| IAS Entry Date |
| Judge Assigned |
| RJI Filed Date |

**CAPTION**   Enter the complete case caption. Do not use et al or et ano. If more space is needed, attach a caption rider sheet.

RAMI BALY

Plaintiff(s)/Petitioner(s)

-against-

Chief Judge United States District Court SDNY
LAURA TAYLOR SWAINE

Defendant(s)/Respondent(s)

**NATURE OF ACTION OR PROCEEDING**   Check only one box and specify where indicated.

**COMMERCIAL**
- ○ Business Entity (includes corporations, partnerships, LLCs, LLPs, etc.)
- ○ Contract
- ○ Insurance (where insurance company is a party, except arbitration)
- ○ UCC (includes sales and negotiable instruments)
- ○ Other Commercial (specify): _____
  *NOTE: For Commercial Division assignment requests pursuant to 22 NYCRR 202.70(d), complete and attach the COMMERCIAL DIVISION RJI ADDENDUM (UCS-840C).*

**TORTS**
- ○ Asbestos
- ○ Child Victims Act
- ○ Environmental (specify): _____
- ○ Medical, Dental or Podiatric Malpractice
- ○ Motor Vehicle
- ○ Products Liability (specify): _____
- ○ Other Negligence (specify): _____
- ○ Other Professional Malpractice (specify): _____
- ○ Other Tort (specify): _____

**SPECIAL PROCEEDINGS**
- ○ Child-Parent Security Act (specify): ○ Assisted Reproduction   ○ Surrogacy Agreement
- ○ CPLR Article 75 – Arbitration   [see NOTE in COMMERCIAL section]
- ⊘ CPLR Article 78 – Proceeding against a Body or Officer
- ○ Election Law
- ○ Extreme Risk Protection Order
- ○ MHL Article 9.60 – Kendra's Law
- ○ MHL Article 10 – Sex Offender Confinement (specify): ○ Initial   ○ Review
- ○ MHL Article 81 (Guardianship)
- ○ Other Mental Hygiene (specify): _____
- ○ Other Special Proceeding (specify): _____

**MATRIMONIAL**
- ○ Contested
  *NOTE: If there are children under the age of 18, complete and attach the MATRIMONIAL RJI ADDENDUM (UCS-840M).*
  *For Uncontested Matrimonial actions, use the Uncontested Divorce RJI (UD-13).*

**REAL PROPERTY**   Specify how many properties the application includes: _____
- ○ Condemnation
- ○ Mortgage Foreclosure (specify):   ○ Residential   ○ Commercial
  Property Address: _____
  *NOTE: For Mortgage Foreclosure actions involving a one to four-family, owner-occupied residential property or owner-occupied condominium, complete and attach the FORECLOSURE RJI ADDENDUM (UCS-840F).*
- ○ Partition
  *NOTE: Complete and attach the PARTITION RJI ADDENDUM (UCS-840P).*
- ○ Tax Certiorari (specify):   Section: _____ Block: _____ Lot: _____
- ○ Tax Foreclosure
- ○ Other Real Property (specify): _____

**OTHER MATTERS**
- ○ Certificate of Incorporation/Dissolution  [see NOTE in COMMERCIAL section]
- ○ Emergency Medical Treatment
- ⊘ Habeas Corpus
- ⊘ Local Court Appeal
- ○ Mechanic's Lien
- ○ Name Change/Sex Designation Change
- ○ Pistol Permit Revocation Hearing
- ○ Sale or Finance of Religious/Not-for-Profit Property
- ○ Other (specify): _____

**STATUS OF ACTION OR PROCEEDING**   Answer YES or NO for every question and enter additional information where indicated.

|  | YES | NO |  |
|---|---|---|---|
| Has a summons and complaint or summons with notice been filed? | ○ | ○ | If yes, date filed: _____ |
| Has a summons and complaint or summons with notice been served? | ○ | ○ | If yes, date served: _____ |
| Is this action/proceeding being filed post-judgment? | ○ | ○ | If yes, judgment date: _____ |

**NATURE OF JUDICIAL INTERVENTION**   Check one box only and enter additional information where indicated.

- ○ Infant's Compromise
- ○ Extreme Risk Protection Order Application
- ○ Note of Issue/Certificate of Readiness
- ○ Notice of Medical, Dental or Podiatric Malpractice   Date Issue Joined: Nov th/2022
- ⊘ Notice of Motion   Relief Requested: reargue   Return Date: _____
- ⊘ Notice of Petition   Relief Requested: forma pauperis   Return Date: _____
- ⊘ Order to Show Cause   Relief Requested: habees review   Return Date: _____
- ○ Other Ex Parte Application   Relief Requested: _____
- ○ Partition Settlement Conference
- ⊘ Poor Person Application
- ○ Request for Preliminary Conference
- ○ Residential Mortgage Foreclosure Settlement Conference
- ⊘ Writ of Habeas Corpus
- ⊘ Other (specify): _____ motion to leave for reargue 2254 (Dismissal)

**RELATED CASES** List any related actions. For Matrimonial cases, list any related criminal or Family Court cases. If none, leave blank.
If additional space is required, complete and attach the **RJI ADDENDUM (UCS-840A)**.

| Case Title | Index/Case Number | Court | Judge (if assigned) | Relationship to instant case |
|---|---|---|---|---|
| Reargue | 22-CV-5812 | District Court United State | Laura Taylor Swaine | Chief Judge |
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |

**PARTIES** For parties without an attorney, check the "Un-Rep" box and enter the party's address, phone number and email in the space provided.
If additional space is required, complete and attach the **RJI ADDENDUM (UCS-840A)**.

| Un-Rep | Parties<br>List parties in same order as listed in the caption and indicate roles (e.g., plaintiff, defendant, 3rd party plaintiff, etc.) | Attorneys and Unrepresented Litigants<br>For represented parties, provide attorney's name, firm name, address, phone and email. For unrepresented parties, provide party's address, phone and email. | Issue Joined<br>For each defendant, indicate if issue has been joined. | | Insurance Carriers<br>For each defendant, indicate insurance carrier, if applicable. |
|---|---|---|---|---|---|
| ☐ | Name: Laura Taylor Swing Chief Judge<br>Role(s): |  | ○ YES | ○ NO |  |
| ☐ | Name:<br>Role(s): |  | ○ YES | ○ NO |  |
| ☐ | Name:<br>Role(s): |  | ○ YES | ○ NO |  |
| ☐ | Name:<br>Role(s): |  | ○ YES | ○ NO |  |
| ☐ | Name:<br>Role(s): |  | ○ YES | ○ NO |  |
| ☐ | Name:<br>Role(s): |  | ○ YES | ○ NO |  |
| ☐ | Name:<br>Role(s): |  | ○ YES | ○ NO |  |
| ☐ | Name:<br>Role(s): |  | ○ YES | ○ NO |  |
| ☐ | Name:<br>Role(s): |  | ○ YES | ○ NO |  |
| ☐ | Name:<br>Role(s): |  | ○ YES | ○ NO |  |
| ☐ | Name:<br>Role(s): |  | ○ YES | ○ NO |  |
| ☐ | Name:<br>Role(s): |  | ○ YES | ○ NO |  |
| ☐ | Name:<br>Role(s): |  | ○ YES | ○ NO |  |
| ☐ | Name:<br>Role(s): |  | ○ YES | ○ NO |  |

**I AFFIRM UNDER THE PENALTY OF PERJURY THAT, UPON INFORMATION AND BELIEF, THERE ARE NO OTHER RELATED ACTIONS OR PROCEEDINGS, EXCEPT AS NOTED ABOVE, NOR HAS A REQUEST FOR JUDICIAL INTERVENTION BEEN PREVIOUSLY FILED IN THIS ACTION OR PROCEEDING.**

Dated: NOV 14th, 2022

Pro se (28 U.S.C. 1654)
Attorney Registration Number

_____
Signature

RAMI BALY
Print Name



Rami Ibaly (Prose)
965 Amsterdam Avenue Apt # 4B
New York, NY 10025

Pro Se Intake

ATN: Laura Swaine Chief Judge
The Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, N.Y. 10007-1312

USMP
SDNY

RECEIVED
SDNY PRO SE OFFICE
2022 NOV 18 PM 3:06