UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RAMI BALY,

                              Petitioner,

               -against-

CERTIFICATE OF APPEALS SUPREME
COURT OF NEW YORK,

                              Respondent.

22-CV-5812 (LTS)

ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

Petitioner filed this action *pro se*, challenging his 2017 conviction in the New York Supreme Court, New York County, in which he was sentenced to three years' probation and restitution. *See People v. Baly*, 157 N.Y.S.3d 662 (1st Dep't Jan. 10, 2022) (conviction affirmed), *lv. denied*, 38 N.Y.3d 948 (Mar. 31, 2022). By order dated August 9, 2022, the Court granted Petitioner leave to submit an amended petition for a writ of *habeas corpus* under 28 U.S.C. § 2254 within 30 days, to include any facts showing that he remained in custody on the challenged 2017 conviction, which appeared to have fully expired before he filed this action in 2022.

The amended petition was due on September 9, 2022, and on September 12, 2022, the Court dismissed the action. Thereafter, Petitioner's amended petition was docketed as having been received on September 12, 2022 (ECF 10), and because the amended petition had been filed, the Court granted Petitioner's motion to reopen. (ECF 19). After reviewing the amended petition, the Court denied it on the ground that Petitioner did not show that he was in custody when he brought this *habeas corpus* petition. (*Id.*) Petitioner appealed, but the United States Court of Appeals for the Second Circuit dismissed the appeal as untimely. (ECF 21) (Issued as Mandate on August 27, 2024).

Petitioner then filed a series of motions in this closed action (ECF 22-51), and these motions are now before the Court. For the reasons set forth below, the Court denies the motions and directs Petitioner to show cause, by filing a declaration within 30 days, why he should not be barred from filing further documents in this action, with the exception of documents directed to the Court of Appeals for the Second Circuit.

## DISCUSSION

This action was dismissed, and the Second Circuit denied Petitioner's appeal from the dismissal of this action.[1] Petitioner thereafter filed an avalanche of motions in this closed case. Many of these motions are nonsensical and have no applicability to a *habeas corpus* petition challenging Petitioner's 2017 New York County conviction. This includes the Notice to the United States Judicial Panel on Multidistrict Litigation (ECF 41), motions to transfer to the District of Columbia (ECF 48-50), and a motion to certify questions of law (ECF 42). Moreover, the relief that Petitioner seeks in many of his motions—such as summary judgment, or certification of a class under Rule 23 of the Federal Rules of Civil Procedure (ECF 38-39, 44-45)—is categorically unavailable in a closed action.

Other motions, while potentially cognizable in a closed action, rely on arguments that are convoluted or use legal terms in a way that has no meaning. In one of his several motions for leave to appeal (ECF 25), for example, Petitioner asserts that "granting this appeal will allow the courts to consolidate the matter, under 28 U.S.C 1407 multidistrict litigation on appeals on all the

---

[1] Petitioner also filed multiple motions in the Second Circuit after the appeal was dismissed, including motions to recall the mandate and motions to reinstate the appeal. After the Second Circuit denied those motions, he filed additional motions to recall the mandate, motions to reinstate the appeal, motions for a certificate of appealability, and motions to proceed *in forma pauperis*. Several motions filed in the Second Circuit were returned to Petitioner on the ground that the appeal was closed.

objectionable issues within the argument, where default is present within precedence. The matter is a Civil Procedure which can be obtained through declaratory relief." (*Id.* at 19.) The Court is unable to discern from any of the motions for permission to appeal (ECF 25-26, 33) what decision Petitioner wishes to appeal or what he is seeking. Moreover, Petitioner has already appealed from the Court's prior decision denying the petition for a writ of *habeas corpus*, and the Second Circuit dismissed the appeal.

The Court has also reviewed Petitioner's motions to make additional submissions (ECF 42, 46-47), motions for entry of judgment and default judgment (ECF 31, 36-37), and requests to proceed without prepayment of fees (ECF 46, 51) and finds no basis to grant the relief requested in this closed action. Accordingly, for all of these reasons, Petitioner's motions are denied.

Based on Petitioner's pattern of filing in this closed action and in his appeal in the Second Circuit, it appears likely that he will continue to file repetitive and meritless motions, taxing the Court's limited resources. The Court therefore directs Petitioner to show cause why he should not be barred from filing further documents in this closed action, with the exception of documents directed to the Second Circuit. *See Moates v. Barkley*, 147 F.3d 207, 208 (2d Cir. 1998) (per curiam) ("The unequivocal rule in this circuit is that the district court may not impose a filing injunction on a litigant *sua sponte* without providing the litigant with notice and an opportunity to be heard."). Petitioner shall submit to this Court, within 30 days of the date of this order, a written declaration setting forth good cause why this injunction should not be imposed.

If Petitioner fails to submit a declaration within 30 days, or if Petitioner's declaration fails to set forth good cause why this injunction should not be entered, he shall be barred from filing any further documents in this closed action, with the exception of documents directed to the Second Circuit.

3

**CONCLUSION**

Petitioner's motions in this closed action are denied (ECF 22-51), and the Clerk of Court is directed to terminate all pending motions.

Petitioner shall submit to this Court, within 30 days of the date of this order, a written declaration setting forth good cause why he should not be barred from filing further documents in this closed action, with the exception of documents directed to the Second Circuit. A declaration form is attached to this order.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:    October 27, 2025
          New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                        Chief United States District Judge

4

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the first and last name of each plaintiff or
petitioner.

                                                    Case No.  _____  CV  _____

            -against-

_____

_____

_____

Write the first and last name of each defendant or
respondent.

## DECLARATION

_____

_____

    Briefly explain above the purpose of the declaration, for example, "in Opposition to Defendant's
    Motion for Summary Judgment," or "in Response to Order to Show Cause."

I,  _____  ,  declare under penalty of perjury that the

following facts are true and correct:

    In the space below, describe any facts that are relevant to the motion or that respond to a court
    order. You may also refer to and attach any relevant documents.

_____

_____

_____

_____

_____

Rev. 10/3/16

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

Attach additional pages and documents if necessary.

_____                    _____

Executed on (date)                          Signature

_____            _____

Name                                        Prison Identification # (if incarcerated)

_____            _____|_____|_____

Address                                     City          State       Zip Code

_____            _____

Telephone Number (if available)            E-mail Address (if available)