UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RAMI BALY,

Petitioner,

-against-

CERTIFICATE OF APPEALS SUPREME COURT OF NEW YORK,

Respondent.

22-CV-5812 (LTS)

ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

In 2022, Petitioner filed this action *pro se*, challenging his 2017 New York County conviction, in which he was sentenced to three years' probation and restitution. *See People v. Baly*, 157 N.Y.S.3d 662 (1st Dep't Jan. 10, 2022) (conviction affirmed), *lv. denied*, 38 N.Y.3d 948 (Mar. 31, 2022). By order dated August 9, 2022, the Court granted Petitioner leave to submit an amended petition for a writ of *habeas corpus* under 28 U.S.C. § 2254, within 30 days, to include any facts showing that he remained in custody on the challenged 2017 conviction, the probationary sentence for which appeared to have fully expired before he filed this action.

Petitioner filed an amended petition indicating that his probation had ended in 2020, two years before he filed this action. By order dated September 13, 2023, the Court denied the amended petition on the ground that Petitioner was not in custody on the challenged conviction. (ECF 19, at 4-5.) Petitioner appealed, and the United States Court of Appeals for the Second Circuit dismissed his appeal as untimely. (ECF 21) (Issued as Mandate on August 27, 2024).

Petitioner then filed a series of motions in this closed *habeas corpus* action (ECF 22-51), such as a Notice to the United States Judicial Panel on Multidistrict Litigation (ECF 41), motions to transfer to the District of Columbia (ECF 48-50), a motion to certify questions of law (ECF 42), and motions for summary judgment and certification of a class under Rule 23 of the Federal

Rules of Civil Procedure (ECF 38-39, 44-45). The Court denied the motions and directed Petitioner to show cause, by filing a declaration within 30 days, why he should not be barred from filing further documents in this closed action, with the exception of documents directed to the Court of Appeals for the Second Circuit. (ECF 52.) On December 2, 2025, Petitioner appealed that order, and with his notice of appeal submitted a "motion for declaration" and other documents (ECF 54-56), and then a second "motion for declaration" (ECF 58-60).

The Court of Appeals for the Second Circuit construed Petitioner's submissions as a motion within Rule 4(a)4 of the Federal Rules of Appellate Procedure and stayed the appeal pending resolution of the motion. (ECF 61, Notice of Stay.) Petitioner's applications could be construed as a motion for reconsideration, under Rule 60(b) of the Federal Rules of Civil Procedure, which the Court has jurisdiction to consider notwithstanding the filing of the notice of appeal. *See* Fed. R. App. Proc. 4(a)4(A)(vi).

In his motion, Petitioner argues, among other things:

> Here, under Art VI of the constitution of the United State Supremacy Clause 2, the "supreme Law of the Land," gives a hierarchy in the case, placing Constitutional and Federal Laws and treaties about the States law and constitution. The case describes a violation of Federal Rule of Civil Procedure 60, which the court may correct a clerical mistake arising from oversight or omission, order, on grounds in Rule 60(b)(1-6). The grounds are met under 28 U.S.C. 1292 and 1291 in contesting Rule 60(c) filings are made in reasonable time no more than a year after the entry of the judgment or order of the date of the proceeding. Petitioner request severance from ECF 38-51, issued a new index number and judicial panel to the Judicial Conference of the United States.[1]

(ECF 58 at 2.)

In his declaration in support (ECF 59) and "affidavit for motion for declaration" (ECF 60), Petitioner again asks the Court to "sever" his motions, including motions docketed at ECF

[1] The Court quotes from Petitioner's applications verbatim. All spelling, grammar, and punctuation are as in the original unless noted otherwise.

36-51 and others, and treat them as new actions. Petitioner's arguments are largely nonsensical and do not provide any grounds for relief under Rule 60(b). The Court denies Petitioner's request to treat his earlier motions, which the Court has already denied (ECF 52), as more than a dozen new actions. Petitioner also does not show any reason why an order should not enter barring him from filing further documents in this closed action, with the exception of documents directed to the Court of Appeals. Accordingly, absent contrary direction from the circuit, the Court intends to impose the bar order following the filing of the mandate resolving the appeal.

## CONCLUSION

Accordingly, the Court denies Petitioner's Rule 60(b) motion (ECF 54-56, 58-60) and finds that Petitioner has not shown any reason why he should not be barred from filing further documents in this closed action, with the exception of documents directed to the Court of Appeals.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: August 13, 2026
New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge